1 | Michael A. Geibelson (State Bar No. 179970)
*MGeibelson@RobinsKaplan.com*
2 | Kevin D. Meek (State Bar No. 280562)
*KMeek@RobinsKaplan.com*
3 | ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
4 | Los Angeles, CA  90067
Telephone:   310 552 0130
5 | Facsimile:    310 229 5800

6 | *Creditor of Debtor, G.H. Cooper Properties, Inc.*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No.  2:18-bk-14756-BR |
| G.H. COOPER PROPERTIES, INC., | Chapter 7 |
| Debtor. | **MOTION OF CREDITOR ROBINS KAPLAN LLP TO COMPEL MEDIATION; DECLARATION OF MICHAEL A. GEIBELSON IN SUPPORT THEREOF** |
| | **[Notice of Motion filed concurrently herewith]** |
| | **Hearing Date:** |
| | Date:  November 6, 2018 |
| | Time:  2:00 p.m. |
| | Place: Courtroom 1668 |
| | 255 East Temple Street |
| | Los Angeles, CA  90012 |

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

61487434.1

# I.

# INTRODUCTION

This bankruptcy case arises from a dispute between G.H. Cooper Properties, Inc. (the "Debtor"), and Michael and Jeff Singer in their various capacities as members of certain limited liability companies previously managed by the Debtor (the "LLCs"). At issue is the correct interpretation of the method for distributing the Cash Available for Distribution ("CAD") to members of the LLCs, as well as Debtor's entitlement: (a) to indemnification of its litigation expenses incurred in arbitrations brought to resolve those issues, and (b) to reimbursement for its defense of claims related to its work as the LLCs' manager.

As a result of the prior arbitration, litigation in the Los Angeles Superior Court, and the Debtor's bankruptcy filing, numerous other parties (collectively, the "Parties") have become involved in this dispute, including the Trustee, six LLCs and their members, Sheryl Cooper (the widow of Glenn H. Cooper for whom he Debtor was named), Todd Grayson (the best friend of Glenn Cooper before his death who assisted in the management of the LLCs' properties after Cooper's suicide), David Pasternak (who replaced the Debtor as manager of three LLCs), and the Honorable Lesley C. Green (the newly-appointed manager of the LLCs).

Recognizing the gravity of the issues surrounding this dispute, as well as the unreasonable expense resulting from further litigation, several of the Parties have repeatedly agreed that mediation would be an effective means to facilitate a resolution of the dispute. On September 25, 2018, Court denied the Trustee's motion to approve her settlement with the Singers for, among other reasons, requiring violations of the express Bankruptcy Code provisions regarding priorities. The following day, the undersigned counsel sought a prompt response and agreement to proceed to mediation from all counsel involved in this dispute. Through counsel, Sheryl Cooper and the Trustee agreed to participate in mediation. Counsel for the new manager, Lesley Green, stated that she is "open to the idea of mediation, [but] would prefer to allow [discussions between the Trustee and the Singers to] proceed first before deciding whether to proceed to mediation." (Since these discussions have not included Robins Kaplan LLP ("Robins Kaplan") or other creditors, the extent to which such discussions contemplate similar violations of the

61487434.1

- 1 -

1  Bankruptcy Code as the previously denied settlement, or other infirmities, is not known.)  Despite
2  the passage of three weeks, counsel for the Singers have not responded to repeated inquiries about
3  whether the Singers are willing to mediate.

4      The Singers have previously, and repeatedly, refused to mediate except upon the
5  satisfaction of certain conditions, the reasonableness of which is positional at best.  Such
6  conditions required by the Singers include: (a) originally insisting upon a 90-day post-settlement
7  period to review financial records and withdraw from a release, (b) serially seeking the review of
8  additional financial records (all of which were produced long ago), (c) the taking of various
9  depositions, and (d) most recently, the continuation of various depositions, as well as the taking
10 of additional depositions.

11     Given the continuous spiraling of attorneys' fees which continue to threaten the assets of
12 the Debtor's estate and reduce the potential recovery by unsecured creditors, which fees now (and
13 for a long time) have far exceeded the substantive amount in controversy, Robins Kaplan
14 respectfully requests the Court enter an Order compelling the Parties to enter, without pre-
15 conditions, into the Mediation Program for Bankruptcy Cases and Adversary Proceedings
16 adopted by the United States Bankruptcy Court for the Central District of California (the
17 "Mediation Program").

## II.

## SUMMARY OF RELEVANT FACTS

20     1.    On April 25, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for
21 relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").  Facts and
22 circumstances surrounding the dispute among the Parties, prior to and after the Petition Date, are
23 fully set forth in Robins Kaplan's opposition to the Trustee's *Motion to Approve Compromise of*
24 *Controversy* [Docket No. 99], and are fully incorporated by reference herein.

25     2.    Prior to the Petition Date, the Debtor, as well as Mr. Grayson and Mrs. Cooper,
26 repeatedly requested the Singers, the LLCs, and other members of the LLCs, to mediate the
27 dispute.  The Singers, however, have either refused to mediate, or insisted upon imposing
28

- 2 -

61487434.1

evolving conditions as a precondition to their consent to mediate. *See* Declaration of Michael A. Geibelson (the "Geibelson Declaration"), annexed hereto, at ¶ 4.

3. The Singers originally insisted upon the Debtor agreeing to a "non-release period" of 90 days as a pre-condition to any settlement achieved in mediation so that the Singers could evaluate and potentially assert further claims against the Debtor. *See* Geibelson Declaration, at ¶ 5.

4. The Singers also insisted upon a voluminous document production from the Debtor as a pre-condition to mediation. After obtaining documents that they had demanded for months, the Singers refused to participate in mediation until they had an opportunity to depose Grayson and Cooper about the documents. After having deposed Grayson and Cooper, however, the Singers continued their refusal to mediate – seeking additional time in deposition – and never responded to the mediation proposal from the Debtor's counsel.

5. After the Petition Date, Robins Kaplan has consistently urged the Parties to mediate the dispute, but even though other Parties have indicated a facial willingness to mediate, the Singers have remained steadfast in their refusal. *See* Geibelson Declaration, at ¶ 6. As detailed herein, there is no reason to delay mediation of the dispute any further.

## III.

## ARGUMENT

In order to provide litigants the means to resolve their disputes in an efficient and cost-effective manner, the United States Bankruptcy Court for the Central District of California has adopted the Mediation Program. *See Third Amended General Order No. 95-01 of the United States Bankruptcy Court for the Central District of California* (the "General Order"). As set forth in the General Order, the Mediation Program "offers an opportunity for parties to settle legal disputes promptly, less expensively, and to their mutual satisfaction." *See* General Order, at section 1.0. More precisely, by allowing parties an inexpensive, full day of mediation before a knowledgeable, experienced attorney and/or judge, the Mediation Program is uniquely designed to enhance the prospect of settlement in tightly contested disputes. Indeed, the Mediation

- 3 -

61487434.1

1  Program has facilitated resolution in thousands of cases, including several involving the very

2  counsel representing the Parties.[1]

3  There is no reason to delay mediation of this dispute any further.  Given the complexity of
4  the dispute and the number of Parties involved, all Parties, including the Singers, will benefit
5  from the unique advantages offered by the Mediation Program.  Among other benefits, a
6  settlement through mediation will minimize the need for the Parties, and the Court, to expend
7  additional, unnecessary resources.  Even if no settlement is reached, mediation would likely
8  resolve certain issues and streamline the number of matters in this dispute, thereby conserving
9  judicial resources and simplifying the rest of these proceedings.  *See Seoul Semiconductor Co. v.*
10 *Curtis Int'l Ltd.*, D.I. 96, No. 2:14-cv-09466 (C.D. Cal. Nov. 16, 2015) (ordering mediation at a
11 party's request).  At a minimum, after years of scorched-earth litigation that is disproportionate to
12 the amount in controversy and with no end in sight, and which has been further complicated by
13 the Debtor's bankruptcy, mediation would force the Parties to focus on a global settlement rather
14 than further contentious litigation.

## III.

## CONCLUSION

17  For the reasons stated above, Robins Kaplan respectfully requests that this Court enter an
18 order compelling the Parties to mediate the dispute.  Robins Kaplan further prays for all other
19 appropriate relief.

Respectfully SUBMITTED,

DATED:  October 16, 2018        ROBINS KAPLAN LLP

By: _____
MICHAEL A. GEIBELSON
On behalf of creditor, Robins Kaplan LLP

---

[1] Attorneys for Robins Kaplan, the Trustee, Todd Grayson, and Kagtig, Inc. have each successfully participated in the Mediation Program in other cases.

- 4 -

61487434.1

## DECLARATION OF MICHAEL A. GEIBELSON

I, Michael A. Geibelson, declare as follows:

1. I am a partner with the law firm of Robins Kaplan LLP ("Robins Kaplan"). I am admitted to practice law before the courts of the State of California and the United States Bankruptcy Court for the Central District of California. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify thereto.

2. I submit this Declaration in support of the *Motion to Compel Mediation* filed by Robins Kaplan (the "Motion"). Terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

3. Robins Kaplan is former counsel for the above-captioned debtor (the "Debtor") and a creditor of the Debtor's bankruptcy estate.

4. Prior to the Debtor's Petition Date, Robins Kaplan, as counsel for the Debtor, repeatedly requested the Singers, the LLCs, and other members of the LLCs, to mediate the dispute among the Parties.  The Singers, however, have either flatly refused to mediate, or insisted upon imposing ever-changing conditions as a requirement to their consent to mediate.

5. Specifically, the Singers originally insisted upon the Debtor agreeing to a "non-release period" of 90 days as a pre-condition to any settlement achieved in mediation so that they could evaluate and ultimately assert further claims against the Debtor.  They then insisted upon a voluminous document production from the Debtor, which was provided. After obtaining the documents, the Singers next refused to go to mediation until they had an opportunity to depose Grayson and Cooper. After having deposed Grayson and Cooper for full days, they continued their refusal to mediate and never responded to dates proposed by the Debtor.  Most recently, they have failed to respond and advise whether they were willing to participate in mediation in the Bankruptcy Court in response to requests that followed the Court's recent denial of approval of the settlement the Court found violated the Bankruptcy Code.

6.    After the Petition Date, Robins Kaplan has consistently urged the Parties to mediate the dispute, but even though other Parties have indicated a facial willingness to mediate, the Singers (and now the new manager) have remained reluctant to proceed.

7.    Other than the issues which have transpired since the denial of settlement approval, these issues have been discussed in open court with the Los Angeles Superior Court judge designated to handle the matter; however, mediation was not ordered because it was viewed that the Los Angeles Court's mediation program would be inadequate to handle the complexity of the matter.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of October, 2018 at Los Angeles, California.

_____
Michael A. Geibelson

# PROOF OF SERVICE OF DOCUMENT(S)

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **MOTION OF CREDITOR ROBINS KAPLAN LLP TO COMPEL MEDIATION; DECLARATION OF MICHAEL A. GEIBELSON IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the aforementioned documents was served by the court via NEF and hyperlink to the documents. On (*date*) **October 16, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

•David M Almaraz dalmaraz@hkemlaw.com, scutrell@hkemlaw.com, gmartin@hkemlaw.com
• Simon Aron saron@wrslawyers.com
• Howard Camhi hcamhi@ecjlaw.com, lpekrul@ecjlaw.com
• Alan W Forsley alan.forsley@flpllp.com, awf@fkllawfirm.com, awf@fl-lawyers.net, addy.flores@flpllp.com
• Michael A Geibelson mgeibelson@robinskaplan.com, lbryant-wilson@robinskaplan.com
• Heide Kurtz (TR) trustee@hkurtzco.com, C169@ecfcbis.com
• Lucas A Messenger LAMessenger@rkmc.com
• Carmela Pagay ctp@lnbyb.com
• Kurt Ramlo kr@lnbyb.com, kr@ecf.inforuptcy.com
• John N Tedford jtedford@dgdk.com, danninggill@gmail.com, jtedford@ecf. inforuptcy.com, tedfordj r76099@notify.bestcase.com
• United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
• Timothy J Yoo tjy@lnbyb.com
• Aaron E de Leest aed@dgdk.com, danninggill@gmail.com, adeleest@ecf.inforuptcy.com, deleestar76099@notify.bestcase.com

☐ Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:
On (*date*) **October 16, 2018** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
61283200.1

**F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 16, 2018** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Judge**
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
Hon. Barry Russell
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 16, 2018 | Kevin D. Meek | /s/ Kevin D. Meek |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  
61283200.1

**F 9013-3.1.PROOF.SERVICE**