TIMOTHY J. YOO (SBN 155531)
CARMELA T. PAGAY (SBN 195603)
KURT RAMLO (SBN 166856)
LEVENE, NEALE, BENDER, YOO &
GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, CA 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Emails: tjy@lnbyg.com; ctp@lnbyg.com;
kr@lnbyg.com

Attorneys for Heide Kurtz, Chapter 7 trustee

FILED & ENTERED

DEC 28 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>G.H. COOPER PROPERTIES, INC.,<br><br>Debtor. | Case No. 2:18-bk-14756-BR<br><br>Chapter 7<br><br>**ORDER (1) APPROVING COMPROMISE OF CONTROVERSY WITH DLA PIPER LLP (US), (2) FINDING THE SETTLEMENT TO BE IN GOOD FAITH, (3) BARRING ANY RELATED CLAIMS AGAINST DLA PIPER LLP (US), AND (4) APPROVING TURNOVER OF DISPUTED FUNDS TO THE TRUSTEE**<br><br>Date: December 13, 2022<br>Time: 10:00 a.m.<br>Place: Courtroom 1668<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

On December 13, 2022, at 10:00 a.m., the *Chapter 7 Trustee's Motion for an Order (1) Approving Compromise of Controversy with DLA Piper LLP (US), (2) Finding the Settlement to be in Good Faith, (3) Barring Any Related Claims Against DLA Piper LLP (US), and (4) Approving Turnover of Disputed Funds to the Trustee* (ECF No. 600, the "**Motion**") filed November 22, 2022 by Heide Kurtz (the "**Trustee**"), the Chapter 7 Trustee for the bankruptcy estate of G.H. Cooper Properties, Inc. (the "**Debtor**"), came on for hearing before the Honorable Barry Russell, United States Bankruptcy Judge, Courtroom 1668, 255 E. Temple Street, Los Angeles, California 90012. The Trustee appeared through her general bankruptcy

counsel, Kurt Ramlo of Levene, Neale, Bender, Yoo & Golubchik L.L.P., and her special litigation counsel, Joel A. Osman of Parker Mills LLP. Settlement counterparty DLA Piper LLP (US) ("**DLA**") appeared through its counsel, Irean Z. Swan of Klinedinst PC. Objecting creditors Todd I. Grayson and Kagtig, Inc. ("**Creditors**") appeared through their counsel, Vanessa M. Haberbush of Haberbush, LLP. Any other appearances were as noted on the record.

Based upon the pleadings, records, and documents on file herein, the Court having considered the Motion and the supporting and reply papers as well as Creditors' limited opposition thereto, and having considered the argument of counsel, for the reasons stated on the record, and good cause appearing for granting the Motion, it is hereby,

**ORDERED** that:

1. The Motion is granted.

2. The *Confidential Settlement Agreement and Mutual Release* (the “**Agreement**," attached as **Exhibit 1** to the Motion) is approved.

3. The Court finds that under California Code of Civil Procedure § 877.6, the settlement memorialized in the Agreement (the "**Settlement**") was made in good faith. This Order therefore bars any other joint tortfeasor or co-obligor from any further claims against DLA, its partners, or its current or former employees for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault, and bars any other action arising out of any injuries prospective, past or present, claimed or to be claimed or could be claimed by any joint tortfeasor or co-obligor in connection with, arising out of, touching upon, or relating in any way whatsoever to the Estate Claims[1] and the disputes resolved by the Settlement.

4. This Order also bars any other person or entity with an interest in, or identified as a creditor of, this chapter 7 case, from filing or advancing any claims against DLA, its partners, or its current and former employees pertaining to or relating to

[1] Defined terms not otherwise defined in this Order have the meanings given to them in the Motion.

the Estate Claims and the disputes resolved by the Settlement.

5. DLA is authorized to turn over to the Trustee $354,821.18 in funds deposited to the Debtor's client trust account with DLA in 2016.

6. The Court finds that that DLA disclaims any and all interest in these funds and that DLA shall have no involvement in the distribution of said funds after they are turned over to the Trustee.

7. The Trustee and DLA are authorized and directed to take any and all steps necessary to effectuate the Agreement.

8. The Court retains jurisdiction including without limitation to construe and enforce the Agreement and of jurisdiction over the parties to enforce the Agreement.

# # #

Date: December 28, 2022

Barry Russell
United States Bankruptcy Judge